UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES OWEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-1186-B |
| | § | |
| STMICROELECTRONICS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant STMicroelectronics, Inc.'s (STM) Motion to Dismiss Plaintiff's Third Amended Complaint under Rule 12(b)(6). Doc. 26. For the reasons that follow, the Court **DENIES in part** and **GRANTS in part** Defendant's Motion.

## I.

## BACKGROUND[1]

This is an employment discrimination case that arose when Plaintiff Charles Owen applied for and was denied a full-time attorney position with STM after working as a temporary attorney with the company from November 2007 to June 2008 and from March 2013 to December 2014. Doc. 25, Pl.'s Third Am. Compl. ¶¶ 6–7. After being denied the position and STM hiring another attorney, Owen sued STM under the Age Discrimination in Employment Act (ADEA), claiming (1) disparate treatment and (2) disparate impact, for which he sought compensatory and punitive damages on

---

[1] The Court draws its factual account from the allegations contained in Plaintiff's Third Amended Complaint (Doc. 25). *See Manguno v. Prudential Prop. & Cas. Ins., Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that, when considering a Rule 12(b)(6) motion to dismiss, "all facts pleaded in the complaint must be taken as true").

both claims. Doc. 19, Pl.'s Second Am. Compl. ¶ 20.

STM then filed its First Motion to Dismiss Owen's Second Amended Complaint and moved to dismiss: (1) Owen's disparate impact claim; (2) his disparate treatment claims; and (3) his request for punitive and compensatory damages. Doc. 21, Def.'s Br. in Supp. of Mot. to Dismiss 2–3. After reviewing the Motion and filings, the Court issued an Order (Doc. 24) granting in part and denying in part STM's Motion to Dismiss. Doc. 24, Mem. Op. & Order 1. The Court dismissed Owen's disparate impact claim with prejudice for failure to exhaust administrative remedies; dismissed Owen's disparate treatment claim without prejudice; and dismissed Owen's claims for punitive damages, but held that he may possibly recover compensatory damages. *Id.* at 9, 14–15.

In Plaintiff's Third Amended Complaint, Owen alleges that STM "intentionally and willfully violated the ADEA by discriminating against [him] because of this age" and "[i]n essence, Defendant deprived [him] of an employment opportunity." Doc. 25, Pl.'s Third Am. Compl. ¶ 17. Owen now sues STM for violating the ADEA and brings a claim for disparate treatment for which he seeks compensatory and liquidated damages in addition to "equitable and/or injunctive relief, and attorney fees and costs." *Id.* ¶ 19.

STM moves to dismiss (1) Owen's disparate treatment claim because his Complaint "contains only conclusory allegations and therefore does not allege enough facts to state a claim for disparate treatment discrimination that is plausible on its face," and (2) his request for compensatory damages "for mental trauma and loss of enjoyment of life, which the Fifth Circuit has held are not recoverable under the ADEA." Doc. 27, Def.'s Br. in Supp. of Mot. to Dismiss Pl.'s Third Am. Compl. 2–3 [hereinafter Def.'s Br.]. Owen has since responded to STM's Motion to Dismiss (Doc. 28), and STM replied (Doc. 29). Therefore, the Motion is ready for the Court's review.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

In ruling on this Motion, the Court will first address whether Plaintiff's Third Amended Complaint sufficiently states a disparate treatment claim. Then the Court will determine whether compensatory damages for mental anguish and pain and suffering are recoverable under the ADEA.

A.   *The Disparate Treatment Claim*

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To make a *prima facie* case for a disparate treatment claim under the ADEA, a plaintiff must show that "(1) he [suffered an adverse employment decision]; (2) he was qualified for the position; (3) he was within the protected class . . . ; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise [not chosen] because of his age." *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004) (internal quotations and citations omitted); *see also Leal v. McHugh*, 731 F.3d 405, 410–11 (5th Cir. 2013). "That is, regardless of how much younger his replacement is, a plaintiff in the protected class may still establish a prima facie case by producing evidence that he was [not chosen for the position] because of his age." *Id.* (internal quotations and citations omitted). Although one need not plead a *prima facie* age discrimination claim to survive a motion to dismiss, the elements are helpful in framing what constitutes an ADEA claim at this stage. *Flores v. Select Energy Servs., L.L.C.*, 486 F. App'x 429, 432 (5th Cir. 2012) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)).

The Court originally found that Owen's claim against STM for disparate treatment under the

ADEA was insufficient and that Owen failed to plead enough facts to survive STM's Motion to Dismiss. Doc. 24, Mem. Op. & Order 14. Specifically, the Complaint failed "to allege facts indicating that the individual who was ultimately hired was outside of the protected group, or else substantially younger, and that he himself was qualified for the position." *Id.*

In his Third Amended Complaint, Owen alleges that: (1) he is over forty, and therefore within the protected class; (2) he is qualified for the position because he satisfactorily performed the position he was seeking for months as a temporary employee with positive reviews, graduated from law school, is licensed to practice law in Texas and California, has experience practicing the type of law STM engaged in, and has no physical disability that renders him unfit for the position; (3) he was rejected for the position; (4) STM hired a "substantially younger attorney with less experience and capability"; and (5) the Assistant General Counsel of STM told him the position was for someone "who had not been practicing so long" and was not "set in their ways and inflexible to doing things differently," which Owen alleges was "merely code for Plaintiff being considered too old." Doc. 25, Pl.'s Third Am. Compl. ¶¶ 7–11.

In its previous Order, the Court found it instructive in analyzing Owen's disparate treatment claim to compare his allegations to the allegations the Fifth Circuit deemed adequate in *Leal v. McHugh*. Doc. 24, Mem. Op. & Order 10–11 (citing *Leal*, 731 F.3d at 405). In *Leal*, the plaintiffs' complaint indicated: (1) they were within the protected class; (2) they were qualified for the newly-created position; (3) they were not selected; (4) that a "substantially younger employee" was selected for the position instead; and (5) that an official with authority over hiring indicated the department needed "new blood." *Leal*, 731 F.3d at 413. Owen argues that his Third Amended Complaint rectifies the issues the Court found in its previous order, tracks the allegations in *Leal*, and thus,

should survive STM's Motion to Dismiss. Doc. 28, Pl.'s Resp. to Def.'s Mot. to Dismiss 6 [hereinafter Pl.'s Resp.].

In its Motion, STM argues that Owen has again failed to plead sufficient facts necessary to state a claim that complies with the standards set forth in *Leal* or the previous order issued by the Court. Doc. 27, Def.'s Br. 4. Specifically, STM alleges that Owen's allegation that he was qualified for the full-time position "because he had performed the job as a temporary employee" was conclusory in that the complaint failed to allege that the qualifications for the temporary job "were the same as the qualifications for the full time job he was seeking." *Id.* at 5. Also, STM argues that Owen's attempt to remedy his Complaint by alleging that the individual selected for the job was a "substantially younger attorney with less experience and capability [than] Plaintiff" is conclusory and "purely speculation about the person's age, experience, qualifications[,] and knowledge." *Id.* at 5–6; Doc. 25, Pl.'s Third Am. Compl. ¶ 11. Lastly, STM notes that unlike the plaintiffs' allegations in *Leal* that were considered sufficient to survive a motion to dismiss, Owen's Complaint fails to allege any facts that STM failed to follow its hiring procedures when hiring for the full-time position. Doc. 27, Def.'s Br. 6.[2] Thus, STM argues that all of these deficiencies taken together "are so materially different from the allegations in *Leal* that a different result is required." *Id.* at 7.

While it is not strictly necessary to plead a *prima facie* age discrimination claim to survive a motion to dismiss, the Court will nonetheless use the elements—in addition to comparing Owen's and the plaintiffs in *Leal*'s respective complaints—as a guide to its analysis. *See Flores*, 486 F. App'x at 432. Owen sufficiently alleges, and the parties do not dispute that Owen is within the protected

---

[2] The Court's previous order stated and Owen argues that "this sort of allegation is, of course, not strictly necessary," and thus this factor, in light of the remaining allegations, does not warrant dismissal. Doc. 28, Pl.'s Resp. 8 (citing Doc. 24, Mem. Op. & Order 13).

class and that he was rejected for the position. Doc. 25, Pl.'s Third Am. Compl. ¶¶ 16–17. Therefore, the Court will consider Owen's remaining allegations to determine whether they allow this Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678.

First is the issue of whether Owen's allegations allow the court to infer that age motivated the employer's decision by showing that STM replaced Owen with someone outside of the protected group, or someone substantially younger, or that Owen was otherwise discharged because of his age. *Rachid*, 376 F.3d at 309. Owen's Complaint alleges that he "was replaced by a substantially younger attorney with less experience and capability as Plaintiff." Doc. 25, Pl.'s Third Am. Compl. ¶ 11. In the previous Order, the Court noted that the use of the word "substantial" is important "[b]ecause the ADEA prohibits discrimination on the basis of age and not class membership." Doc. 24, Mem. Op. & Order 12–13 (citing *Leal*, 731 F.3d at 411); *see also O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996). Therefore, "the fact that a replacement is 'substantially' younger than the plaintiff is more indicative of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class." *Id.* Although Owen's allegation will have to be substantiated through discovery, this claim also tracks the allegations the Fifth Circuit considered sufficient in *Leal*, which weighs in Owen's favor.

Alternatively, Owen's Complaint alleges that STM's Assistant General Counsel's comments—stating a preference for attorneys "who had not been practicing so long," because those attorneys are "set in their ways and inflexible"—can be read as "code words" for preferring younger employees and allows the Court to reasonably infer that the employer took the adverse employment action because of Owen's age. *See Woldetadik v. 7-Eleven, Inc.*, 881 F. Supp. 2d 738, 741 (N.D. Tex.

2012); Doc. 25, Pl.'s Third Am. Compl. ¶¶ 7–8. The Fifth Circuit in *Leal* found a less explicit allegation by the plaintiffs that their employer "said that the department needed 'new blood'" was enough to state a claim for age discrimination. *Leal*, 731 F.3d at 413 (citing *Hawkins v. Frank Gillman Pontiac*, 102 F. App'x. 394, 398 (5th Cir. 2004)). Owen further alleges that he contacted STM's Human Resources to inquire about the full-time position; Human Resources told him to send his resume to the General Counsel, which he did; and then after submitting the resume, he was contacted by the Assistant General Counsel, who gave him an allegedly age-related reason for not receiving the position. Doc. 25, Pl.'s Third Am. Compl. ¶ 7. In its previous Order, the Court found these allegations inconclusive and, based on the other deficiencies in Owen's Complaint, did not rule definitively on this issue. Doc. 24, Mem. Op. & Order 12. However, further analysis of the timeline of events alleged by Owen, in conjunction with what the Fifth Circuit considered adequate in *Leal*, could allow the Court to infer that STM took the adverse employment action because of Owen's age. In any event, because there are various ways for an employee to show that age motivated an employer's decision, including, as Owen alleges, that a substantially younger individual replaced him, the Court is reasonable in inferring this point in Owen's favor. *See Rachid*, 376 F.3d at 309.

Next is the issue of whether Owen has alleged sufficient facts to allow this Court to draw the reasonable inference that he was qualified for this position. The Court previously held that Owen failed to plead sufficient facts to show he was qualified for the position because he only pointed to his over thirty-years of practice as a lawyer and two stints working as a temporary lawyer for STM. Doc. 24, Mem Op. & Order 13. In *Leal*, the plaintiffs alleged that they had worked at their jobs for over twenty-years, often receiving top performance ratings. *Leal*, 731 F.3d at 408. In his Third Amended Complaint, Owen alleges that he was qualified for the full-time position because he

satisfactorily performed the position he was seeking for months on a temporary basis with positive reviews, had the requisite education, was experienced in the relevant field, and was a licensed attorney. Doc. 25, Pl.'s Third Am. Compl. ¶ 10; Doc. 28, Pl.'s Resp. 6. The allegations Owen provides in his Complaint surpass the qualifications the Fifth Circuit considered sufficient in *Leal* and allow this Court to reasonably infer that Owen was qualified for the position.

In support of this Motion to Dismiss, STM also argues that Owen's Complaint contains several other insufficiencies because it fails to discuss the experience and qualifications of the individual chosen, how Owen's experience and qualifications were different, whether STM followed their hiring procedures in filling this position, and whether the Assistant General Counsel had decision-making authority in the hiring process. Doc. 27, Def.'s Br. 4. In response, Owen properly argues that the insufficiencies STM points to are not required at this litigation stage. *See Swierkiewicz*, 534 U.S. at 513–14; Doc. 28, Pl.'s Resp. 6–8. As this Court stated in its previous Order, Owen need not conclusively plead every element of a *prima facie* disparate treatment claim to survive a motion to dismiss. *See Flores*, 486 F. App'x at 432.

Thus, considering all the allegations made in the Third Amended Complaint and the arguments made by Defendant, Owen has pled sufficient facts to state a disparate treatment claim and survive STM's Motion to Dismiss. Owen's allegations that STM hired an individual substantially younger than Owen and that STM's Assistant General Counsel made age-related comments in response to not being chosen allows the Court to infer that age motivated STM's decision. Also, Owen has remedied his previous Complaint and alleged facts allowing the court to reasonably infer that he was qualified for the position sought. Again, while Owen has not necessarily pled a *prima facie* case, he has pled facts that allow the Court to draw the reasonable inference that the defendant is

liable for the misconduct alleged and sufficient to survive this Motion to Dismiss. For these reasons, STM's Motion to Dismiss Owen's disparate treatment claim is **DENIED**.

B.   *Compensatory Damages*

The Court originally found that "Plaintiff may not recover punitive damages, but, depending on the facts, may recover compensatory damages." Doc. 24, Mem. Op. & Order 15. In Owen's Third Amended Complaint, he alleges that he "has suffered actual damages in the form of lost wages and benefits (past and future)" and "has also suffered mental trauma, loss of enjoyment of life, and other recoverable damages." Doc. 25, Pl.'s Third Am. Compl. ¶ 18. Furthermore, "Plaintiff requests that he be awarded all liquidated and compensatory damages, to which he is entitled." *Id.* ¶ 19. STM argues that the Court should dismiss Owen's claim for compensatory damages because the Complaint does not contain any allegations of tangible, easily measured damages as a basis for the compensatory damage reward. Doc. 27, Def.'s Br. 7–9. Defendant requests that the Court dismiss the part of Owen's Third Amended Complaint "that seeks damages for compensatory damages including mental trauma and loss of enjoyment of life." *Id.* at 9. In reply, Owen fails to cite any legal authority on this issue and responds by saying that "if the Court finds that compensatory damages are not allowed by law, Plaintiff will concede this issue." Doc. 28, Pl.'s Resp. 9.

Thus, in clarifying the previous Order, the Court finds that to the extent that Owen attempts to seek compensatory damages for mental anguish and pain and suffering, as a matter of law the ADEA precludes this type of recovery. *Comm'r of Internal Revenue v. Schleier*, 515 U.S. 323, 326 (1995); *Smith v. Office of Pers. Mgmt.*, 778 F.2d 258, 263 (5th Cir. 1985); *Dean v. Am. Sec. Ins.*, 559 F.2d 1036, 1038–39 (5th Cir. 1977). Therefore, STM's Motion to dismiss Owen's request for compensatory damages for mental anguish and pain and suffering is **GRANTED**.

IV.

CONCLUSION

For the foregoing reasons, STM's Motion is **DENIED in part** and **GRANTED in part** as follows:

(1) The Court **DENIES** STM's Motion to Dismiss Owen's disparate treatment claim.

(2) The Court **GRANTS** STM's Motion to Dismiss Owen's claim for compensatory damages for mental anguish and pain and suffering and **DISMISSES** it **with prejudice**.

**SO ORDERED.**

**SIGNED: February 23, 2017**.

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**